OPINION of the Court, by
Judge Bibb.
— A decent respect for the professional gentleman who drew the petition for the writ of error coram vobis in this case, would induce a belief that he had been furnished with an erroneous and deceitful transcript of the record. The first, second, fourth, fifth and sixth assignments are contradicted by the record, and therefore cannot call forth an adjudication on those propositions.
The third is predicated on the erroneous supposition that the endorsement, attested by the clerk, makes no part of an execution.
The seventh objects to the replevin bond, because it has not recited that the property seized was restored to the proprietor on executing the replevin bond. Such a recital is not required by the statute, and the want of it cannot be erroneous. That would be to require the officer’s certificate of a fact to precede the fact: for he ought not to restore the property until after the replevin bond is executed.
The eighth, ninth and tenth assignments question the propriety of making the aggregate of principal, interest and costs, including sheriff’s commissions, bear interest from the date of the replevin bond.
Upon the statute of Kentucky, no doubt can arise but that the duty of the officer demands of him to make the aggregate of principal, interest and costs, including his commissions, bear interest from the time of the replevin. This has been again and again decided in this court.
The eleventh and last assignment supposes that the sheriff, or his deputy, is required to endorse on the execution the time of executing it. An endorsement of the time when the execution is delivered to the sheriff, or other officer, is required, but not the time of its being *283 levied; that requisition is for the purpose of giving to the plaintiff a just priority of execution, but not for the benefit of the defendant.
There is no error in the judgment of the court below in dismissing the writ of error corara vobis, and the su-persedeas.--Judgment affirmed.